**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4442**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEROME PARROTT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:05-cr-00058-F)

Submitted:  May 30, 2007                  Decided:  July 16, 2007

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Diane Pereira, Research and Writing Attorney, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Jerome Parrott was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000). The district court sentenced Parrott to 120 months in prison. Parrott timely appealed.

Parrott contends that the evidence was insufficient to support his conviction. We review de novo a district court's decision to deny a Fed. R. Crim. P. 29 motion for judgment of acquittal. United States v. Smith, 451 F.3d 209, 216 (4th Cir.), cert. denied, 127 S. Ct. 197 (2006). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); Smith, 451 F.3d at 216. "'[S]ubstantial evidence' [is] 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" Smith, 451 F.3d at 216 (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). In evaluating the sufficiency of the evidence, this court "do[es] not review the credibility of the witnesses and assume[s] the jury resolved all contradictions in the testimony in favor of the government." United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002). The court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to

those sought to be established." <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982).

In order to convict Parrott under § 922(g)(1), the government had to establish that "(1) the defendant previously had been convicted of a [felony] . . . ; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting interstate or foreign commerce at some point during its existence." <u>United States v. Moye</u>, 454 F.3d 390, 395 (4th Cir.) (internal quotation marks and citation omitted), <u>cert. denied</u>, 127 S. Ct. 452 (2006). Parrott challenges only the second element of his § 922(g)(1) conviction. Viewing the evidence in the light most favorable to the government and resolving all contradictions in the testimony in favor of the government, the evidence showed officers found Parrott lying face-up and naked under a bed, when an officer asked him where his gun was he answered that it was under his back, and when he was lifted off the floor there was a gun under the small of his back. On the way to the police station, Parrott remarked that he "should have let loose." We conclude that the evidence presented at trial was sufficient to permit a reasonable fact finder to conclude that Parrott knowingly possessed the firearm.

Without pointing to any specific error in his own sentence, Parrott objects to the presumption of reasonableness that this court affords sentences within the properly calculated guideline range, citing to <u>United States v. Hughes</u>, 401 F.3d 540 (4th Cir. 2005), <u>United States v. Green</u>, 436 F.3d 449 (4th Cir.),

- 3 -

cert. denied, 126 S. Ct. 2309 (2006), and United States v. Moreland, 437 F.3d 424 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). He contends that this presumption is unconstitutional and amounts to a de facto mandatory guideline scheme that prevents a district court from properly considering all the sentencing factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). To the extent that Parrott seeks to have this court reconsider its holdings in these cases, "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271-72 n.2 (4th Cir. 2002) (internal quotation marks and citation omitted).

Accordingly, we affirm Parrott's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED